Tyler J. Anderson, ISB No. 6632
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5275
Email: tanderson@hawleytroxell.com

Attorneys for Defendants Select Technology Partners, LLC, Select Healthcare Solutions, LLC, Matthew Cutler, and Summit Cancer Center – Boise, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY, a North Carolina commercial bank,<br><br>    Plaintiff,<br><br>vs.<br><br>SUMMIT CANCER CENTER – BOISE, LLC, an Idaho limited liability company, SCCB PROPERTY, LLC, an Idaho limited liability company, SELECT TECHNOLOGY PARTNERS, LLC, a California limited liability company, SELECT HEALTHCARE SOLUTIONS, LLC, a California limited liability company, MATTHEW CUTLER, an individual, JOHN E. GAMBOA, M.D., P.L.L.C., an Idaho professional limited liability company, and JOHN E. GAMBOA, an individual,<br><br>    Defendants. | Case No. 1:22-cv-00046-BLW<br><br>ANSWER TO COMPLAINT |

ANSWER TO COMPLAINT - 1

58540.0001.14607574.1

COME NOW Defendants Select Technology Partners, LLC; Select Healthcare Solutions, LLC; Matthew Cutler; and Summit Cancer Center – Boise, LLC (collectively "Defendants"), by and through their counsel of record, Hawley Troxell Ennis & Hawley LLP, and hereby answers Plaintiff's Complaint for Breach of Contract and Breach of Guaranty ("Complaint") as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Unless specifically admitted herein, the allegations in Plaintiff's Complaint are denied.

1. The allegations in paragraph 1 of the Complaint are characterizations of the lawsuit to which no response is required. Defendants admit the referenced parties entered into what is described as the Equipment Loan Agreement.

2. The allegations in paragraph 2 of the Complaint are characterizations of the lawsuit to which no response is required. Defendants admit the referenced parties entered into what is described as the Revolving Loan Agreement.

3. The allegations in paragraph 3 of the Complaint are characterizations of the lawsuit to which no response is required. Defendants admit the referenced parties entered into what is described as the Line of Credit Loan Documents and Credit Card Documents.

4. The allegations in paragraph 4 of the Complaint are characterizations of the lawsuit to which no response is required. Defendants admit the referenced parties entered into what is described as the Forebearance Agreement for the defined Forebearance Period.

5. The allegations in paragraph 5 of the Complaint are characterizations of the lawsuit to which no response is required. Defendants admit the referenced parties entered into what is described as the Forebearance Agreement.

6. The allegations in paragraph 6 of the Complaint are characterizations of the lawsuit to which no response is required. Defendants admit the defined Borrower Parties did not make the referenced payment by December 31, 2021.

## JURISDICTION AND VENUE

7. Defendants admit the allegations in paragraph 7 of the Complaint.

8. Defendants admit the allegations in paragraph 8 of the Complaint.

## DESCRIPTION OF THE PARTIES

9. Defendants lack sufficient information to admit or deny the allegations in paragraph 9 of the Complaint.

10. Defendants admit the allegations in paragraph 10 of the Complaint.

11. Defendants admit the allegations in paragraph 11 of the Complaint.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants admit the allegations in paragraph 13 of the Complaint.

14. Defendants admit the allegations in paragraph 14 of the Complaint.

15. Defendants admit the allegations in paragraph 15 of the Complaint.

16. Defendants admit the allegations in paragraph 16 of the Complaint.

## FACTS GIVING RISE TO THE ACTION

17. Defendants admit the allegations in paragraph 17 of the Complaint.

18. Defendants admit the allegations in paragraph 18 of the Complaint.

19. Defendants admit the allegations in paragraph 19 of the Complaint.

20. Defendants admit the allegations in paragraph 20 of the Complaint.

21. Defendants admit the allegations in paragraph 21 of the Complaint.

22. Defendants admit the allegations in paragraph 22 of the Complaint.

23. Defendants admit the allegations in paragraph 23 of the Complaint.

24. Defendants admit the allegations in paragraph 24 of the Complaint.

25. Defendants admit the allegations in paragraph 25 of the Complaint.

26. Defendants admit the allegations in paragraph 26 of the Complaint.

27. Defendants admit the allegations in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint does not contain allegations and purports to define a collective group of documents; accordingly, no response is required.

29. The allegations in paragraph 29 of the Complaint are legal conclusions to which no response is required.

30. The allegations in paragraph 30 of the Complaint are legal conclusions to which no response is required.

31. Defendants admit the allegations in paragraph 31 of the Complaint.

32. Defendants admit the allegations in paragraph 32 of the Complaint.

33. Defendants admit the allegations in paragraph 33 of the Complaint.

34. Defendants admit the allegations in paragraph 34 of the Complaint.

35. Defendants admit the allegations in paragraph 35 of the Complaint.

36. Defendants admit the allegations in paragraph 36 of the Complaint.

37. Defendants admit the allegations in paragraph 37 of the Complaint.

38. Defendants admit the allegations in paragraph 38 of the Complaint.

39. Defendants admit the allegations in paragraph 39 of the Complaint.

40. Defendants admit the allegations in paragraph 40 of the Complaint.

41. Defendants admit the allegations in paragraph 41 of the Complaint.

42. Defendants admit the allegations in paragraph 42 of the Complaint.

43. Defendants admit the allegations in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint does not contain allegations and purports to define a collective group of documents; accordingly, no response is required.

45. The allegations in paragraph 45 of the Complaint are legal conclusions to which no response is required.

46. The allegations in paragraph 46 of the Complaint are legal conclusions to which no response is required.

47. Defendants admit the allegations in paragraph 47 of the Complaint.

48. The allegations in paragraph 48 of the Complaint are legal conclusions to which no response is required.

49. Defendants admit the allegations in paragraph 49 of the Complaint.

50. The allegations in paragraph 50 of the Complaint are legal conclusions to which no response is required.

51. The allegations in paragraph 51 of the Complaint are legal conclusions to which no response is required.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

52. Defendants re-allege and incorporate by reference the above responses as fully set forth herein.

53. The allegations in paragraph 53 of the Complaint are legal conclusions to which no response is required.

54. Defendants lack sufficient information to admit or deny the allegations in paragraph 54 of the Complaint.

55. The allegations in paragraph 55 of the Complaint are legal conclusions to which no response is required.

56. The allegations in paragraph 56 of the Complaint are legal conclusions to which no response is required.

57. The allegations in paragraph 57 of the Complaint are legal conclusions to which no response is required.

58. The allegations in paragraph 58 of the Complaint are legal conclusions to which no response is required.

## SECOND CAUSE OF ACTION: BREACH OF GUARANTY

59. Defendants re-allege and incorporate by reference the above responses as fully set forth herein.

60. Defendants lack sufficient information to admit or deny the allegations in paragraph 60 of the Complaint.

61. The allegations in paragraph 61 of the Complaint are legal conclusions to which no response is required.

62. The allegations in paragraph 62 of the Complaint are legal conclusions to which no response is required.

### THIRD CAUSE OF ACTION: SPECIFIC PERFORMANCE

63. Defendants re-allege and incorporate by reference the above responses as fully set forth herein.

64. The allegations in paragraph 64 of the Complaint are legal conclusions to which no response is required.

65. The allegations in paragraph 65 of the Complaint are legal conclusions to which no response is required.

66. The allegations in paragraph 66 of the Complaint are legal conclusions to which no response is required.

67. The allegations in paragraph 67 of the Complaint are legal conclusions to which no response is required.

68. The allegations in paragraph 68 of the Complaint are legal conclusions to which no response is required.

69. The allegations in paragraph 69 of the Complaint are legal conclusions to which no response is required.

### THIRD DEFENSE

Defendant are entitled to a setoff, recoupment, or offset from any recovery to which Plaintiff may be found to be entitled.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by payment.

ANSWER TO COMPLAINT - 7

58540.0001.14607574.1

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for entry of judgment as follows:

1. Plaintiff's Complaint be dismissed and plaintiff take nothing thereby;

2. An award of Defendants' attorney's fees and costs; and

3. For such relief as the Court deems to be just and equitable under the circumstances.

DATED THIS 15th day of April, 2022.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Tyler J. Anderson, ISB No. 6632
Attorneys for Defendants Select Technology Partners, LLC, Select Healthcare Solutions, LLC, Matthew Cutler, and Summit Cancer Center – Boise, LLC

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 15th day of April, 2022, I electronically filed the foregoing ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Maureen Mitchell
mmitchell@foxrothschild.com
*Attorneys for Plaintiff*

Patrick Geile
pgeile@foleyfreeman.com
*Attorneys for Defendants SCCB Property, LLC, John E. Gamboa, John E. Gamboa, M.D., P.L.L.C.,*

_____
Tyler J. Anderson

ANSWER TO COMPLAINT - 9

58540.0001.14607574.1